RAMSEY v. STATE. (No. 4582.)

(Court of Criminal Appeals of Texas. Oct. 10, 1917.)

CRIMINAL LAW ☞1114(3)—APPEAL—RECORD—ABSENCE OF EVIDENCE AND BILL OF EXCEPTIONS.

The motion for a new trial having raised the questions of insufficiency of the evidence and refusal of requested instructions, there is nothing to review, where the evidence is not in the record, and no bill of exceptions was reserved.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Lawrence Ramsey was convicted of carrying a pistol, and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of carrying a pistol; his punishment being assessed at 30 days' imprisonment in the county jail.

The motion for a new trial raises the insufficiency of the evidence and the refusal of the court to give requested instructions. The evidence is not in the record, nor was any bill of exceptions reserved. There is nothing, therefore, presented that can be revised.

The judgment will be affirmed.

══════

HENDERSON v. STATE. (No. 4601.)

(Court of Criminal Appeals of Texas. Oct. 10, 1917.)

CRIMINAL LAW ☞784(1) — INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.

Where on a trial for theft there was no testimony other than circumstantial evidence to show a taking by defendant, the court's failure to charge and its refusal of a requested charge on the subject of circumstantial evidence was error.

Appeal from Fayette County Court; George Willrich, Judge.

Ella Henderson was convicted of theft, and she appeals. Reversed and remanded.

John T. Duncan, of La Grange, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of the theft of a turkey or some turkeys. She contends that the evidence is insufficient to sustain a conviction. We are inclined to think that her contention is correct. However, as the case must be reversed on another ground, it is unnecessary to decide this point. And as the case is to be reversed, we will not discuss the testimony, though we have carefully read it.

Even if the evidence could be held sufficient to sustain the conviction, then there is no testimony whatever, other than circumstantial, to show a taking by appellant.

Where this is the case, it is always necessary for the court to charge on circumstantial evidence. The court did not so charge, although proper objection at the proper time was made to his charge for that reason, and a special charge on the subject was requested and refused. This was error for which, of course, the judgment must be reversed. This principle is so well settled by so many cases it is unnecessary to cite them, but see 2 Branch's Ann. P. C. § 2478, where he collates a large number of the cases.

Reversed and remanded.

══════

WALLACE v. STATE. (No. 4581.)

(Court of Criminal Appeals of Texas. Oct. 10, 1917.)

CRIMINAL LAW ☞1090(1)—REVIEW—NECESSITY OF BILL OF EXCEPTIONS AND STATEMENT OF FACTS.

In the absence of a statement of facts or bill of exceptions, the judgment will be affirmed, where no errors are disclosed in the record.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

John Wallace was convicted of forgery, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was indicted and convicted of forgery, and punishment assessed at two years' confinement in the penitentiary. There are no errors disclosed in the record, and there is an absence of statement of facts and bill of exceptions.

The judgment is affirmed.